UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |                              |
|------------------------------|---|------------------------------|
| ALAN BROWN,                  | ) |                              |
|                              | ) |                              |
| Plaintiff,                   | ) |                              |
|                              | ) |                              |
| v.                           | ) | Civil Action No. 12-10338-LTS |
|                              | ) |                              |
| ANTONIO BUSSONE, et al.,     | ) |                              |
|                              | ) |                              |
| Defendants.                  | ) |                              |

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT AGAINST DEFENDANT ALLESANDRO VERRINI

June 25, 2012

SOROKIN, C.M.J.

On February 23, 2012, the Plaintiff Alan Brown brought suit against Defendant Allesandro Verrini, inter alia, seeking to enforce a Settlement Agreement and Release (the Agreement) which he alleges resolved previous litigation between himself and the Defendants. Docket # 1. Defendant Verrini is a resident of Genova, Italy. Id. at ¶ 4. The Complaint was served upon Verrini (See Docket # 42), but he has not appeared.

On April 19, 2012, the Court (Saris, J.) conducted a Rule 16 scheduling conference, at which all of the Parties who had appeared consented to the exercise of jurisdiction by the undersigned Chief United States Magistrate Judge. See Docket # 39; Electronic Clerk's Notes of April 19, 2012. On May 11, 2012, the Clerk entered a default as to Defendant Verrini. Docket # 44. Brown has now moved for the entry of a default judgment against Verrini. Docket # 45.

Because Verrini has not appeared and thus has not consented to the exercise of jurisdiction by the undersigned magistrate judge, I address Brown's motion for entry of default judgment by way of Report and Recommendation. See Conetta v. National Hair Care Centers, Inc., 236 F.3d 67, 73 (1st Cir.2001) (Congress did not intend 28 U.S.C. § 636 (b)(1)(A)'s reference to "pretrial matter" to encompass a final determination of liability or damages in a civil action and absent consent, a magistrate may not enter a default judgment).[1]

The Complaint alleges that the Parties to the above-entitled action settled a previous litigation in this Court (namely, Brown v. Bussone, et al., Civil Action 10-cv-11059-NMG) and executed a Settlement Agreement and Release dated December 22, 2010 (Docket # 45-1). The Agreement provides, inter alia, that the "Defendants" would pay to Brown a total sum of $460,702.00 (in two payments). Docket # 45-1 at ¶ 3. The Agreement defines the term "Defendants" as used therein as comprising the same individuals and entities that are Defendants in the above-entitled action. Docket # 45-1. Brown alleges that although the Defendants made the "Initial Payment" of $225,000.00, they have not made the "Second Payment" of $235,702.00. Id. (citing Brown Affidavit, Docket # 45-3). On December 23, 2011, Brown complied with the Agreement's requirement that prior to instituting any legal action to recover the Second Payment, Brown serve notice and demand upon TD Bank. Id. at 5 (citing Docket # 45-2).

The Agreement provides that the prevailing party in an action to enforce the Agreement

---

[1] Verrini's failure to appear does not alter the fact that all of the parties who have appeared have consented to the jurisdiction of the magistrate for all purposes with respect to the rights and obligations of those parties.

"shall be entitled to its his or their reasonable attorneys' fees and costs." Docket # 45-2 at ¶ 22. Counsel for Brown affirms that Brown has incurred fees in the amount of $10,273.95 and fees in the amount of $350.00 in this action. Docket # 45-4.

Brown is entitled to a judgment against Verrini for the entire amount due under the Agreement, and may pursue judgments for the same amounts from the remaining defendants (although he is not entitled to multiple recoveries). See, e.g., Williston on Contracts, § 36:1 ("The effect of a joint obligation is that each joint promisor is liable for the whole performance jointly assumed").

For the foregoing reasons, I RECOMMEND that the Court ALLOW Brown's Motion for Default Judgment Against Defendant Allesandro Verrini (Docket # 45) in the amount of $235,702.00, together with costs of $350.00 and attorneys' fees of $10,273.95.[2]

                                                            /s / Leo T. Sorokin
                                                            Leo T. Sorokin
                                                            Chief United States Magistrate Judge

---

[2] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).