UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALAN BROWN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-10338-LTS |
| ANTONIO BUSSONE, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

April 10, 2013

SOROKIN, C.M.J.

Pending is the Plaintiff's Motion for Partial Summary Judgment. Docket # 51. For the following reasons, the Plaintiff's Motion is ALLOWED.

I.  FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff, Alan Brown, has brought suit against the individual defendants Antonio Bussone and Allesandro Verrini, as well as against seventeen corporate defendants, alleging in his Complaint Breach of Contract (Count I), Breach of the Implied Covenant of Good Faith and Fair Dealing (Count II), Promissory Estoppel (Count III) and Unjust Enrichment (Count IV). Docket # 1.

Defendant Verrini failed to respond to the Complaint and Summons, and on October 2,

2012, a Default Judgment entered against him.[1] Docket # 49. On February 1, 2013, Brown moved pursuant to Fed. R. Civ. P. 56 for partial summary judgment with respect to Count I (for Breach of Contract) against the remaining defendants (i.e., Brown and all of the corporate defendants), asserting that there is no genuine dispute of material fact, and that he is entitled to judgment as a matter of law.[2] Docket # 51.

Oppositions to Brown's Motion for Summary Judgment were due to be filed by February 22, 2013. See L.R. 7.1(B)(2) ("a party opposing a motion shall file an opposition within 14 days after the motion is served, unless (1) the motion is for summary judgment, in which case the opposition shall be filed within 21 days"); See also L.R. 56.1. To date, no opposition has been filed on behalf of any defendant.

The relevant facts are as follows.[3] In about September, 1983, Brown began working as the General Manager of the Defendant Live Lobster Company, Inc. Docket # 53 at ¶ 1. Brown, a

---

[1] Each of the Parties who appeared in this case consented to an exercise of jurisdiction by the undersigned United States Magistrate Judge. See Docket # 40. Because Defendant Verrini never appeared, he necessarily did not consent. Accordingly, the Default Judgment against him was entered by the District Judge who had earlier presided over the case. See Docket #s 46-47.

[2] Brown has not moved for summary judgment with respect to the remaining counts, each of which presents an alternative theory of liability in the event that he is unable to prevail on his breach claim. See Docket # 52 at 2 n. 1.

[3] By local rule, the facts asserted by Brown in the Statement of Material Facts submitted by him with his motion pursuant to L.R. 56.1 are deemed admitted because of the Defendants' failure to oppose his motion, and in particular their failure to respond to Brown's Statement of Material Facts. See L.R. 56.1 ("Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties"). See also, CMI Capital Market Investment, LLC v. Gonzalez-Toro, 520 F.3d 58, 62-63 (1st Cir.2008) (district court within its discretion to deem facts admitted for purposes of summary judgment where language of the rule was plain and non-moving party did not submit a statement of material facts).

minority owner of Live Lobster, led efforts to establish sixteen additional companies and limited liability companies (i.e., the remaining corporate defendants). Id. at ¶ 3. The establishment of the sixteen additional companies was part of a business plan Brown developed with Defendant Bussone, which included Defendant Verrini as a partner. Id. at ¶ 4. By September 2009, under Brown's guidance, the Corporate Defendants were financially secure and had developed positive relationships with lobstermen, customers and regulatory bodies in the United States and Canada. Id. at ¶ 6. Brown also established a positive relationship with TD Bank, N.A. which provided much of the capital which fueled the growth of the Corporate Defendants. Id.

In September 2009, Bussone terminated Brown's employment. Id. at ¶ 7. On June 21, 2010, Brown filed suit in this Court against Bussone, Verrini and the Corporate Defendants (except for West Bay Seafoods Limited). Id. at ¶ 8; See also Brown v. Bussone, et al, Civil Action No. 10-cv-11059-NMG. In December, 2010, with the approval of TD Bank, the parties to that litigation executed a "Settlement Agreement and Release" dated December 22, 2010. Id. at ¶ 11 (citing Docket # 53-4). The "Defendants" identified in the Settlement Agreement included West Bay Seafoods Limited, and are identical to the defendants named in this action. Id. at ¶ 14.

In consideration for Brown's transfer of all ownership rights to the Corporate Defendants and his release and waiver of rights and other good and valuable consideration, the Defendants agreed to pay Brown the total sum of $460,702.00. Id. at ¶ 15 (citing Docket # 53-4). The Settlement Agreement provided that the Defendants were to make two separate payments to Brown: a payment of $225,000.00 on the latter of December 22, 2010 or Brown's execution of the Settlement Agreement; and, a second payment of $235,702.00 due and payable

by December 22, 2011.  Id. at ¶ 16 (citing Docket # 53-4 at ¶ 3).  The Defendants made the first payment of $225,000.00, but have not made the second payment of $235,702.00.  Id. at ¶ 17.  Brown, in compliance with the terms of the Settlement Agreement, served formal notice upon TD Bank thirty days prior to filing suit to enforce the Settlement Agreement that the Defendants had failed to make the Second Payment.  Id. at ¶¶ 18-19 (citing Docket # 53-5).  In their Answer to the Complaint, the Defendants admitted that they executed and agreed to be bound by the terms of the Settlement Agreement and that they have not made the Second Payment.  Id. at ¶¶ 21-26.  The Second Payment was not made at any subsequent time prior to filing of Brown's motion for summary judgment.  Id. at ¶ 27.  The Settlement Agreement provides that in any action brought to enforce the Settlement Agreement, the prevailing party shall be entitled to his reasonable attorneys' fees and costs.  Docket # 53-4 at 16.

## II. APPLICABLE STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).   Once a party has properly supported its motion for summary judgment, the burden shifts to the non-moving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial." Barbour v. Dynamics Research Corp., 63 F.3d 32, 37 (1st Cir.1995)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).  Moreover, the Court  is "obliged to view the record in the light most favorable to the nonmoving party, and to draw all reasonable inferences in the nonmoving party's favor." LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841 (1st Cir.1993).  Even so, the Court is to ignore "conclusory allegations, improbable inferences, and unsupported speculation."

Sullivan v. City of Springfield, 561 F.3d 7, 14 (1st Cir.2009).

III.   DISCUSSION

"A breach of contract is a failure to perform the terms of the agreement without legal excuse." Guckenberger v. Boston Univ., 957 F.Supp. 306, 316 (D.Mass.1997) (Saris, J.) (citing Compagnie de Reassurance d'Ile de France v. New England Reinsurance Corp., 825 F.Supp. 370, 380 (D.Mass.1993), modified, 57 F.3d 56 (1st Cir.1995), and cert. denied, 516 U.S. 1009, 116 S.Ct. 564, 133 L.Ed.2d 490 (1995)).  To prevail on his claim for breach of contract, Brown must show "that there was a valid contract, that the defendant breached its duties under its contractual agreement, and that the breach caused the plaintiff damage." Bosque v. Wells Fargo Bank, N.A., 762 F.Supp.2d 342, 351 (D.Mass.2011) (Saylor, J.) (quoting Guckenberger, 957 F.Supp. at 316).

The uncontested facts establish that the Settlement Agreement was a valid contract, that the Defendants have breached their duty to make the Second Payment required thereunder to Brown, and that Brown has been damaged.

III.   CONCLUSION

Accordingly, the Plaintiff's Motion for Summary Judgment (Docket # 51) is ALLOWED. Judgment shall enter separately against Defendant Bussone and the corporate Defendants on Count I in the amount of $235,702.00.

Within ten days, Brown shall notify the Court of his intention with respect to Counts II - IV, and shall make a filing with respect to any further costs or attorneys' fees to which he is

entitled under the terms of the Settlement Agreement.

          SO ORDERED.

          /s / Leo T. Sorokin
          Leo T. Sorokin
          Chief United States Magistrate Judge.